IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENEE (COG) FEREBEE,   *

   Plaintiff   *

   v   *   Civil Action No. DKC-18-242

7-11 CONV[EN]IENCE STORE #11693 and   *
MS. EMEBET

  *

   Defendants

***

**MEMORANDUM OPINION**

Renee Ferebee, a self-represented litigant and resident of Temple Hills, Maryland, brings suit against Defendants "7-11 Conv[en]ience Store #11693 (entity)" (the "store") and Ms. Emebet, a store cashier, for claims of "defamation of character, falsely accused, age, conspiracy, tort," and that her "civil rights [were] violated." (ECF No. 1, at 1). She seeks $500 million in damages and invokes this court's federal question jurisdiction. (*Id.*; ECF No. 1-5). Accompanying the complaint is Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2), which will be granted. Plaintiff is a frequent litigator in this court as well as in the Maryland state courts.[1]

---

[1] Cases filed in this court: *Ferebee v. Chick-Fil-A,* Civil Action No. PX-18-335 (D. Md.); *Ferebee v. Apple Communications,* Civil Action No. GJH-18-180 (D. Md.); *Ferebee v. United States of America,* Civil Action No. PWG-17-3253 (D. Md.); *Ferebee v. Petty,* Civil Action No. PWG-17-1503 (D. Md.); *Ferebee v. Jeanett P. Henry, LLC,* Civil Action No. PWG-17-1397 (D. Md.); *Ferebee v. Scott Mgmt Prop.,* Civil Action No. PJM-17-1072 (D. Md.); *Ferebee v. Lexy Dept. Store,* Civil Action No. PWG-17-1071 (D. Md.); *Ferebee v. Dollar Tree Store Franchise,* Civil Action No. PX-17-0643 (D. Md.); *Ferebee v. E. Motors Dealership,* Civil Action No. PWG-17-165 (D. Md); *Ferebee v. Dep't. of Human Relations Comm'n,* Civil Action No. TDC-16-3803 (D. Md.); *Ferebee v. Shoppers Food,* Civil Action No. PX-16-3645 (D. Md.); *Ferebee v. United States Post Office,* Civil Action No. GJH-16-3482 (D. Md.); *Ferebee v. Sheehy Ford Dealership,* Civil Action No. PX-16-3142 (D. Md.); *Ferebee v. Sally Beauty Supply Store,* Civil Action No. PX-16-2911 (D. Md.); *Ferebee v. Nat'l Conf. of State Legislatures,* Civil Action No. GJH-16-2055 (D. Md.); *Ferebee v. United Medical Center,* Civil Action No. PX-16-2879 (D. Md.); *Ferebee v. Int'l House of Pancakes,* Civil Action No. DKC 15-3840 (D. Md.); *Ferebee v. Temple Hills Post Office,* Civil Action No. GJH-14-2451 (D. Md.); *Ferebee v. Lexy Corp.,* Civil Action No. PWG-13-3931 (D. Md.); *Ferebee v. Int'l House of Pancakes,* Civil Action No. DKC-13-3817 (D. Md.).

For a limited discussion of cases filed by Ferebee both here and in state court *see Ferebee v. E. Motors Dealership*, Civil Action No. PWG-17-165, ECF No. 18 at p. 7-8.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. A case may be dismissed if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint must be dismissed because she fails to state a federal claim upon which relief may be granted, and there is no basis for this court to exercise diversity jurisdiction. In her complaint, Plaintiff indicates that the "enclosed discrimination claim where her civil rights w[ere] violated" was filed in the Circuit Court for Prince George's County and the Maryland Court of Appeals where she claims unfair rulings were made. (ECF No. 1). She indicates that no trial or depositions were held which could have allowed her to prove her case. She states that society has labeled her crazy and on drugs and that "Plaintiff, along with other cases, in this court, all falls under the civil rights violations rule, which everyone has participated in this inhumane act against the plaintiff." (*Id*.).

Attached to the complaint filed in this case is the complaint Plaintiff filed against the store in the Circuit Court for Prince George's County on August 27, 2014. (ECF No. 1-3). In the complaint before the state court, Plaintiff alleged that she entered a 7-11 store on August 26, 2014, and was accused by Ms. Emebet of stealing a $0.99 soda. (*Id*. at 1). Plaintiff alleged that she previously had problems with Ms. Emebet and that Ms. Emebet said embarrassing things in front of other customers in an attempt to tear down her "integrity, character and dignity." (*Id*.). Plaintiff responded by showing Ms. Emebet her "law suits folder" which changed Ms. Emebet's

attitude. (*Id.*). Plaintiff left the store but then decided to return "because [her] feelings [were] distraught, [she was] humiliated, [and she] felt as though [her] rights were violated." (*Id.*). Plaintiff alleged that "because of the embarrassment, humiliation, defamation of character, prejudice, because Ms. Emebet is of another nationality, (discrimination)," she was entitled to $500 million dollars in damages. (*Id.* at 2).

Although Plaintiff does not inform the court of what federal law she brings this action under, it appears that Plaintiff intends to bring a claim for a violation of Title II of the Civil Rights Act of 1964, which prohibits discrimination in a place of public accommodation on the ground of race, color, religion, or national origin. 42 U.S.C. § 2000a. "The gravamen of a [Title II] claim is the denial to plaintiff of full and equal enjoyment of the services offered by the establishment" for reasons based on race, color, religion, or national origin. *Sherman v. Marriott Hotel Servs., Inc.*, 317 F.Supp.2d 609, 616 (D.Md. 2004) (citing 42 U.S.C. § 2000a; *Wooten v. Moore*, 400 F.2d 239, 241 (4th Cir. 1968), *cert. denied,* 393 U.S. 1083 (1969); *United States v. DeRosier*, 473 F.2d 749 (5th Cir. 1973)). Plaintiff's allegations that she suffered "embarrassment, humiliation, defamation of character, [and] prejudice" when Defendant Emebet accused her of stealing a soda from the store and that "[Defendant] Emebet is of another nationality" do not state a plausible Title II claim as to which relief can be granted. Additionally, "[w]hen a plaintiff brings an action under [Title II], he cannot recover damages." *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968). "Only injunctive and declaratory relief (and attorneys' fees) may be awarded to a prevailing plaintiff." *Sherman*, 317 F.Supp.2d at 616.

Moreover, there is no assertion for jurisdiction in this court over state law claims based on diversity of citizenship. The events and all participants may well be citizens of Maryland, making diversity jurisdiction unavailable. Once the purported federal claim is dismissed, the court has discretion to dismiss any supplemental state law claims as well. *United Mine Workers*

*of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  Particularly where it appears Plaintiff has attempted, unsuccessfully, to bring these claims in state court, and where the three year statute of limitations likely elapsed before this suit was filed, the court declines to exercise supplemental jurisdiction over any state law claims.  Accordingly, the complaint will be dismissed.  A separate Order follows.

                                                     _____/s/_____
                                                     DEBORAH K. CHASANOW
                                                     United States District Judge